AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
## Southern District of Indiana

Brandon Michael Council
_____
*Petitioner*

v.

Merrick Garland, Steven Kallis
_____
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)
)

Case No. 2:23-cv-00491-JPH-MKK
*(Supplied by Clerk of Court)*

FILED

10/16/2023

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: **Brandon Michael Council**
   (b) Other names you have used: **N/A**

2. Place of confinement:
   (a) Name of institution: **United States Penitentiary Terre Haute S.C.U**
   (b) Address: **4700 Bureau Road South**
   **Terre Haute, IN, 47802**
   (c) Your identification number: **63961056**

3. Are you currently being held on orders by:
   ☑ Federal authorities ☐ State authorities ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: **U.S. District Court**
   **District of South Carolina (Florence)**
   (b) Docket number of criminal case: **No. 4:17-CR-866-RBH**
   (c) Date of sentencing: **10-3-19**
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____

Page 2 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☑ Other (explain): Im challenging the unconstitutional conditions of my confinement that utilize Torture which violates the 8th Amendment, 14th Amendment, and the United Nations Convention Against Torture.

6.    Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: Terre Haute Special Confinement Unit 4700 Bureau Road South, Terre Haute, Indiana, 47802

(b) Docket number, case number, or opinion number:

(c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

Permanent Subjection to Torture prior to being executed.

(d) Date of the decision or action: Sentenced 10-3-19   transfered to B.O.P 11-4-19

## Your Earlier Challenges of the Decision or Action

7.    First appeal

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes        ☐ No

(a) If "Yes," provide: Grievance / Administrative Remedy

(1) Name of the authority, agency, or court: United States Penitentiary Terre Haute Special Confinement Unit

(2) Date of filing: 12/12/22 - 12/12/22 - 2/27/23

(3) Docket number, case number, or opinion number:

(4) Result: Denial of my request for Administrative Remedy.

(5) Date of result:

(6) Issues raised: Subjection to Torture, Psychologically Severe and harmful conditions of confinement, permanent Administrative Detention Classification, and violation of the United Nations Convention Against Torture.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not appeal: _____

_____
_____

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑Yes        ☐No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Federal Bureau of Prisons North Central Regional Office.

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: 1145007, 1145008, 1154680

(4) Result: Denial of Request by default of extension to respond.

(5) Date of result: 4/22/23 - 5/15/23 - 6/12/23

(6) Issues raised: Subjection to Torture, Psychologically severe and harmful conditions of confinement, permanent Administrative Detention Classification, and violation of the United Nations Convention Against Torture

_____
_____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑Yes        ☐No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Federal Bureau of Prisons Office of General Counsel

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: 1145007, 1145008, 1154680

(4) Result: Denial of Request by Office of General Counsel

(5) Date of result: _____

(6) Issues raised: Subjection to Torture, Psychologically severe and harmful conditions of confinement, permanent Administrative Detention Classification, and violation of the

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

United Nations Convention Against Torture.

_____

_____

(b) If you answered "No," explain why you did not file a third appeal: _____

_____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

 

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: The remedy under 28 U.S.C. 2255 is inaccurate in this petition ■ because this petition is not challenging a conviction or subsequent sentence to a conviction. The instructions for the Petition For A Writ Of Habeas Corpus Under 28 U.S.C. 2241 state you should not use this form if you are challenging the validity of a Federal Judgement of conviction and sentence. Therefore a 2255 remedy would be incorrect for a 2241 petition.

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes                    ☑ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                    ☑ No

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes                    ☑ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

_____

12.   **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☑Yes    ☐No

    If "Yes," provide:  Compassionate Release,

    (a) Kind of petition, motion, or application: Pending Civil litigation, Commutation of Sentence

    (b) Name of the authority, agency, or court: Compassionate Release was submitted to Bureau of Prisons Director 4/11/23 and U.S.P. Terre Haute Warden 7/14/23 (continued)

    (c) Date of filing: 4/11/23 - 7/14/23 - 7/27/23 - 10/27/23

    (d) Docket number, case number, or opinion number: 2:21-CV-00302-JPH-MKK

    (e) Result: Commutation denied due to pending appeals, Civil litigation pending

    (f) Date of result: Commutation denied November 13th 2022, Compassionate Release

    (g) Issues raised: Being housed in psychologically harmful conditions of confinement permanently. Subjection to physical and psychological harmful conditions of confinement that are the equivalent to Torture. Violation of the United Nations Convention Against Torture.

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

GROUND ONE: Article 6 Clause 2 of the United States Constitution, Known as the Supremacy Clause stipulates that all Treaties made or which shall be made under the Authority of the United States, shall be the Supreme Law of the Land.

Continuation of pg. 7 section 12 (B)

to Mr. Steven Kallis, Commutation of Sentence was submitted to the United States Pardon Attorney Mrs. Elizabeth Oyer on October 27th 2022, and Civil litigation was filed in the United States District Court For The Southern District of Indiana On July 27th 2021. Cause # 2:21-CV-00302-JPH-MKK.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Whether intentionally or negligently, the United States Federal Bureau of Prisons Policy at the Terre Haute Special Confinement Unit utilizes conditions of confinement that violate a United States ratified treaty agreement that is enforceable law, that prohibits the use of Torture. My placement in Known Psychologically Harmful conditions permanently can only be accurately construed as Torture.

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes    ☑ No

GROUND TWO: The United Nations Convention Against Torture is a ratified treaty law that prohibits any form of Torture whether physical or psychological, or for punishment for a violent crime.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

On November 4th 2019 I was placed in the Terre Haute Special Confinement Unit in Psychologically harmful conditions due to a Capital Sentence to death, due to a violent crime. My subjection to Torture was directly related to a violent crime. The provisions of the United Nations Convention Against Torture specifically prohibit Torture in retaliation for violent crime and the prohibition explicitly recognises anywhere under a party's jurisdiction.

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes    ☑ No

GROUND THREE: The 8th Amendment of the United States Constitution prohibits cruel and unusual punishments from being inflicted. Permanent, Indefinite, or temporary subjection to Torture is unconstitutional and a miscarriage of justice.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The violation of my Constitutional Rights in relation to the 8th Amendment is that under no exceptional or extraordinary circumstances can Torture be justified for any reason or any amount of time. There is no United States law that permits or excuses the use of Torture. The use of permanent subjection to Torture requires the acknowledgment that the Federal Bureau of Prisons has violated the 8th Amendment.

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes    ☑ No

Page 8 of 10

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** The Terre Haute Special Confinement Unit is responsible for providing inmates a safe and humane condition of confinement but the psychologically abusive use of long term and permanent harmful conditions is neither safe or humane.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
The Office of the Inspector General, Review of the Federal Bureau of Prisons 2017 Report on the Use of Restrictive Housing, stated that conditions of confinement in Restrictive Housing even for short periods of time can cause psychological harm and significant adverse effects on inmates mental health, and that research indicated that isolation in Restrictive Housing can be psychologically harmful to any prisoner.

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes        ☑ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: The reason I marked no, in all inquiries, about presenting the various grounds in all appeals, is because the grounds I presented in this petition are more extensively detailed than the appeal submissions, I submitted to the Federal Bureau of Prisons.

**Request for Relief**

15. State exactly what you want the court to do: Due to my unlawful, and unequivocal subjection to Torture, by being confined permanently in known psychologically harmful conditions of confinement, that the Federal Bureau of Prisons has failed to eradicate, and has denied my request to be transferred, I humbly and earnestly ask that the United States District Court for the Southern District of Indiana to apply the binding United States Supreme Court precedent established in Re Medley, 134 U.S. 160 (1890) and order the respondent, United States Attorney General Mr. Merrick Garland to release me from his custody.

Grounds for Your Challenge in this Petition Continued

Ground Five: Prior to receiving any conviction or sentence, United States, Chief District Court Judge, The Honorable Robert Bryan Harwell, addressed the issue of future conditions of confinement, on court record, which demonstrates that the United States District Court was previously aware of legitimate legal concerns pertaining to future conditions of confinement, where I would be housed, should I ever receive a sentence to death.

(a) Supporting Facts
On August 14th 2019, United States District Court transcript for the Southern District of South Carolina, (Florence), indicates that my sentencing court, brought to the courts attention, the possibility, that future conditions of confinement could be an issue. My current, and ongoing conditions of confinement are an issue, that has yet to be resolved by the seeking, and exhausting of Administrative Remedy process.

(b) Did you present Ground Five in all appeals that were available to you?

☐ Yes    ☑ No

pg 9(A)

Grounds for Your Challenge in this Petition Continued

Ground Six: In my request for Administrative Remedy 1145008, I requested that my conditions of confinement be modified to eliminate the Psychological harm at the Terre Haute Special Confinement Unit that is equivalent to Torture.

(a) Supporting Facts
The respondent at the Institutional Level did not attempt to eradicate the Psychological harm and Torture. The Regional Director did not respond by the deadline to respond and The Office of General Counsel also did not respond by the appropriated time to respond. Although new programming has been initiated the Psychological harm that is equivalent to Torture has not been abolished due to the standard operating procedures at the Terre Haute Special Confinement Unit.

(b) Did you present Ground Six in all appeals that were available to you?

☐ Yes          ☑ No

Grounds for Your Challenge in this Petition Continued

Ground Seven: In my request for Administrative Remedy 1145007, I requested a transfer to a General Population within the Bureau of Prisons due to my being housed permanently in Psychologically severe and harmful conditions of confinement that is the equivalent to Torture.

(a) Supporting Facts

I was denied my request to be transfered by the respondent at the Institutional Level, the Regional Director, and the Office of General Counsel. Both the Regional Director and the Office of General Counsel failed to respond by the appropriated time according to B.O.P. Administrative Remedy Policy or provide me with the remedy I requested, or a suitable alternative.

(b) Did you present Ground Seven in all appeals that were available to you.

☐ Yes        ☒ No

pg 9(C)

Grounds for Your Challenge in this Petition Continued

Ground Eight : My allegation of being subjected to Torture and Psychologically harmful conditions of confinement has never been denied or disproven by the Federal Bureau of Prison Officials who have responded to my request for Administrative Remedy.

(a) Supporting Facts
Circumspection of my request for Administrative Remedy responses from the Institutional level, Regional, and Office of General Counsel reveal that my allegation of Torture at the Terre Haute Special Confinement Unit has never been denied, nor has any respondent provided any semblance of a statement or indicated any document that proves beyond any reasonable doubt, or by a preponderance of evidence that my allegation of subjection to Torture is indefensible.

(b) Did you present Ground Eight in all appeals that were available to you.

☐ Yes        ☑ No

pg 9(D)

Grounds for Your Challenge in this Petition Continued

Ground Nine: U.S.P Terre Haute's Special Confinement Unit, utilizes Restrictive Housing, in the form of solitary confinement, to house individuals who have been Federally sentenced to death. The use of solitary confinement is well known to cause Psychological harm, which means that permanent placement in the Terre Haute Special Confinement Unit is a serious, severe, and intentional risk and threat of Psychological harm.

(a) Supporting Facts
I have a liberty interest, and Constitutional Right to humane conditions in prison. Prison conditions that subject individuals to unreasonable and unnecessary risk of Psychological harm, are both inhumane and unconstitutional. The Federal Bureau of Prisons has me permanently subjected to Torture by housing me in prison conditions that is known to cause harm and that it can not accurately proclaim or prove is safe from inflicting Psychological harm.

(b) Did you present Ground Nine in all appeals that were available to you?

☐ Yes        ☑ No

pg 9(E)

Grounds for Your Challenge in this Petition Continued

Ground Ten: The conditions of confinement at the Terre Haute Special Confinement Unit contravene both the United Nations Standard Minimum Rules for the Treatment of Prisoners known as the Mandella Rules and the National Commission on Correctional Health Care Position Statement.

(a) Supporting Facts

The United States of America is a current member of the United Nations. The National Commission on Correctional Health Care is a United States based company that has evaluated the national use of Solitary Confinement. The United Nations Standard Minimum Rules for the Treatment of Prisoners explicitly prohibits indefinite and prolonged Solitary Confinement in excess of 15 consecutive days because after that, harmful psychological effects of isolation can become irreversible. I have been in Solitary Confinement at the Terre Haute Special Confinement Unit since November 4th 2019, which exceeds 15 days. The National Commission on Correctional Health Care's Position Statement proclaimed in April 2016 that Solitary Confinement greater than 15 consecutive days is cruel, inhumane, and degrading treatment and harmful to an individuals health. In addition, the N.C.C.H.C. proclaimed that Solitary Confinement should never exceed 15 days.

pg 9(F-1)

Grounds for Your Challenge in this Petition Continued

Ground Ten Continued

(b) Did you present Ground Ten in all appeals that
were available to you?

☐ Yes    ☑ No

Grounds for Your Challenge in this Petition Continued

Ground Eleven: Solitary Confinement causes Psychological and Physical Brain injury, and alterations. Prison conditions that cause harm violate the United States Constitutions 8th Amendment prohibition on cruel and unusual punishment.

(a) Supporting Facts

The dehumanizing effect of Solitary Confinement, even for a few days will predictably shift the Brains electroencephalogram (E.E.G) pattern toward an abnormal pattern characteristic of stupor and delirium. In Dr. Elena Blanco-Suarez's February 27th 2019 article post, states that one of the most remarkable effects of chronic Isolation, as in the case of Solitary Confinement Is the decrease in the size of the Hippocampus, the Brain region related to learning, memory, and spatial awareness. The sustained stress of extreme Isolation leads to a loss of Hippocampal plasticity, a decrease in the formation of new neurons and the eventual failure in Hippocampal function. Since 1890 the United States Judiciary has known of numerous deleterious harms caused by solitary confinement and has failed to remedy this jurisprudence Issue.

(b) Did you present Ground Eleven in all appeals that were available to you?

☐ Yes    ☑ No

pg 9(G)

Grounds for Your Challenge in this Petition Continued

Ground Twelve: Any act, or the commission of any act that is forbidden by law is a crime. Torture is an act that is forbidden by two United States ratified treaty agreements. The United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, and the International Covenant on Civil and Political Rights. This petition is being submitted in good faith to earnestly entreat the United States District Court for the Southern District of Indiana to impart and bestow upon the petitioner, emergency Judiciary relief due to my unequivocal, illegal, and unconstitutional subjection to Torture, which is forbidden by law.

(a) Supporting Facts

This petition for Writ of Habeas Corpus under 28. U.S.C. 2241 is a civil matter that requires the petitioner to present a preponderance of evidence that demonstrates that the Terre Haute Special Confinement Unit is more likely than not in violation of the Constitution of the United States, laws, or treaties made by the United States. The analysis of Solitary Confinement, along with the weight of the supporting scientific and psychological evidence that I have submitted prove beyond any reasonable doubt that I have been, and remain unconstitutionally subjected to Torture. In 2015 a United States Supreme Court Justice who opposed former United States Supreme Court Justice Breyers dissent

pg 9(H)

Grounds for Your Challenge in this Petition Continued

Ground Twelve Supporting Facts (Continued)

stated that if the objection to Capital Punishment is that Death Row is a more confining environment, the solution should be modifying the environment. Furthermore in the same United States Supreme Court Opinion, a reference was made that indicates that the American Bar Association has suggested that Death Row inmates be housed in conditions similar to the General Population. For 133 years the United States Judiciary has been conscious to the irrefutable fact that Solitary Confinement is malignant and egregious but has still neglected to correct the problem by following the advice of the American Bar Association, or the United States Supreme Court. A prison condition that creates and exacerbates psychological harm can not be construed as safe or harmless.


(b) Did you present Ground Twelve in all appeals that were available to you?

☐ Yes        ☑ No

pg 9(H·2)

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

Thursday   October  12th , 2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:   10-12-23                              Brandon M. Counsel

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*