UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON MICHAEL COUNCIL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:23-cv-00491-JPH-MKK |
| | ) |
| MERRICK GARLAND, | ) |
| STEVEN KALLIS, | ) |
| | ) |
| Respondents. | ) |

**ENTRY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Brandon Michael Council, an inmate at the United States Penitentiary in Terre Haute, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Council asserts that the conditions of his confinement amount to torture under the Eighth Amendment, the Fourteenth Amendment, the United Nations Convention Against Torture, and other standards and rules. Dkt. 1. Mr. Council asks the Court to order his immediate release under what he describes as the "binding United States Supreme Court precedent" in *In re Medley*, 134 U.S. 160 (1890). *See* dkt. 1 at 9. Mr. Council also has a civil rights action pending in which he challenges his conditions of confinement. *See Council v. Sacchetti*, No. 2:21-cv-00302-JPH-MKK (S.D. Ind.) ("Civil Rights Dkt."). He is represented by counsel in that case. That case has been stayed while Mr. Council exhausts his criminal appeals. Civil Rights Dkt. 123.

For the reasons stated below, Mr. Council's § 2241 petition is **dismissed without prejudice**.

1

## I. Legal Standard

A federal court may issue a writ of habeas corpus only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Accordingly, habeas corpus review is available only where the petitioner is "challenging the fact or duration of confinement." *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). This means, in part, that a challenge to the conditions of confinement may not be brought pursuant to 28 U.S.C. § 2241. *See Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . , we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions.").

A petition for writ of habeas corpus must be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

## II. Discussion

Here, Mr. Council seeks release, but only because of the conditions of his confinement—not because of an infirmity with his conviction, his sentence, or the Bureau of Prisons' execution of his sentence. But Mr. Council's complaints

2

about his conditions of confinement do not even indirectly affect the duration of his punishment. And, although he wants to be released, he is not challenging the fact of his confinement, which would require some argument that his conviction or sentence is infirm.

Mr. Council's reliance on *In re Medley* is misplaced. In that case, the Supreme Court granted a habeas petition and ordered the release of a petitioner who, like Mr. Council, was a death row inmate being held in solitary confinement. *See* 134 U.S. at 161–62. But that is where the similarities end. In *Medley*, the petitioner was convicted and sentenced under a statute that required, among other things, that a defendant sentenced to death be held in solitary confinement. *Id.* at 163–64. The statute in effect when the petitioner committed his crime did not include the solitary confinement requirement. *Id.* at 167. The *Medley* Court granted the petitioner's habeas petition and ordered his release because it determined that the differences between the new statute and the statute in effect when he committed his crime violated the *ex post facto* clause of the United States Constitution. *Id.* at 162–67. Mr. Council's case does not involve any *ex post facto* laws, and the *Medley* opinion does not amount to a blanket holding that habeas relief is available for any death row inmate who is being held in solitary confinement. To the extent that Mr. Council cites to *Medley* for the proposition that solitary confinement is an objectionable form of punishment,[1]

---

[1] For example, the *Medley* Court stated, "This matter of solitary confinement is not . . . a mere unimportant regulation as to the safe-keeping of the prisoner, and is not relieved of its objectionable features by [certain qualifying language]. . . . It seems to us that the . . . solitary confinement to which the prisoner was subjected by the statute of Colorado of 1889, and by the judgment of the court in pursuance of that statute, was

in his case, that is an Eighth Amendment argument about his conditions of confinement that must be pursued in a civil case, not a habeas action. *See, e.g.*, *Glossip v. Gross*, 576 U.S. 863, 926 (Breyer, J., dissenting) (dissenting from majority holding in suit brought under 42 U.S.C. § 1983 that plaintiffs had failed to establish likelihood of success on merits of claim that the proposed mode of their execution violated the Eighth Amendment; citing *Medley* for proposition that solitary confinement has dehumanizing and harmful effects).

To reiterate, Mr. Council is not challenging the fact or duration or his confinement. He is challenging the conditions in which is being held. Under binding precedent, such claims must be raised in a civil rights action, not a habeas action. *See Robinson*, 631 F.3d at 840–41.

### III. Conclusion

Mr. Council's § 2241 habeas petition is summarily **dismissed without prejudice** because it is not challenging "the fact or duration of confinement." *Hill v. Welinger*, 695 F.3d 644, 645 (7th Cir. 2012).

The dismissal of this action is based only on the determination that Mr. Council cannot obtain the relief he seeks through a habeas petition. The Court makes no determination on the merits of Mr. Council's claims or regarding whether he may be successful on his claims in a civil rights or other type of action. As explained above, Mr. Council is already pursuing a civil rights action about his conditions of confinement.

---

an additional punishment of the most important and painful character, and is therefore forbidden by [the *ex post facto*] provision of the constitution of the United States." *Medley*, 134 U.S. at 167, 171.

The **clerk is directed** to send a courtesy copy of this Order to Mr. Council's attorneys in his civil case, whose address is provided in the Distribution List below.

Judgment will issue by separate entry.

**SO ORDERED.**

Date: 10/30/2023

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON MICHAEL COUNCIL
63961056
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Courtesy Copy:

    Barry Fisher
    Federal Public Defender
    54 State Street, Suite 310
    Albany, NY 12207

    John R. Maley
    Barnes & Thornburg, LLP
    11 S. Meridian Street
    Indianapolis, IN 46204